UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRANCH BANKING AND TRUST
COMPANY,

    Plaintiff,

v.                                      CASE NO.: 8:10-cv-2464-T-23AEP

LAWRENCE T. MAXWELL,

    Defendant.
_____/

**ORDER**

    Branch Banking and Trust Company ("BB&T") sued Lawrence T. Maxwell to enforce a guaranty, Maxwell failed to appear, and BB&T obtained a default judgment for more than $2.3 million. Maxwell moves (Doc. 13) for relief from the default judgment or, alternatively, for entry of full or partial satisfaction of the default judgment. Maxwell moves (Doc. 16) also to stay execution until disposition of the motion for relief from the judgment.

    Maxwell was a principal of a group of real estate developers, and, on behalf of two subsidiaries of the group, Maxwell signed a guaranty with a bank to secure a loan for a construction project. BB&T acquired the loan, which the two subsidiaries breached in July, 2010, by failing to fulfill a monthly payment. BB&T sued (Doc. 1) Maxwell, based on the guaranty, for the balance of the loan. A January, 2011, order (Doc. 11) grants BB&T a default judgment, which Maxwell moved to set aside on July 27, 2011.

    Rule 60(b), Federal Rules of Civil Procedure, governs a motion to set aside a default judgment. Because Maxwell claims inadvertence caused the failure to appear

and defend, Maxwell must identify and evidence a meritorious defense, must establish excusable neglect or another good reason for failing to respond to the complaint, and must show that lifting the default will not unduly prejudice BB&T.  <u>In re Worldwide Web Systems, Inc.</u>, 328 F.3d 1291, 1295 (11th Cir. 2003).

Maxwell stumbles at the first hurdle, the demonstration of a strong defense.  The default judgment remains unless Maxwell argues more than a "general denial."  <u>Worldwide Web Systems</u>, 328 F.3d 1291 at 1296; <u>Solaroll Shade and Shutter Corp. v. Bio-Energy Sys., Inc.</u>, 803 F.2d 1130, 1133 (11th Cir. 1986).  Maxwell objects that BB&T never proved the acquisition of the loan.  However, BB&T asserts rightful ownership of the loan in the complaint and by affidavit, and "[a] confession [through default] of facts properly pleaded dispenses with proof of those facts, and is as effective for the purposes of the suit as if the facts were proved."  <u>Thomson v. Wooster</u>, 114 U.S. 104, 110 (1885); <u>Buchanan v. Bowman</u>, 820 F.2d 359, 361 (11th Cir. 1987).  The default judgment presses Maxwell to cast compelling doubt on BB&T's title to the loan, but Maxwell's speculation is equivalent to a general denial of liability, which is insufficient.  <u>Solaroll</u>, 803 F.2d at 1133.

Next, Maxwell questions whether he received service.  "It is my common and usual practice," Maxwell reports, "to immediately forward either the original or a copy of any document served upon me to my attorneys." (Doc. 13, Ex. 1 at 2)  The theory is that BB&T never served Maxwell because no summons appears in the files of Maxwell's counsel, in which files a summons should appear if Maxwell followed his "common and usual practice."  Maxwell does not deny receipt of service, rather, Maxwell "do[es] not specifically recall, either way" whether service occurred.  (Doc. 13, Ex. 1 at 3)  "A proper

- 2 -

mailing of the summons and complaint raises a rebuttable presumption of due delivery to the addressee," and "the burden to present strong and convincing proof of insufficiency of service rests upon the defendant." Nikwei v. Ross Sch. of Aviation, Inc., 822 F.2d 939, 941 (10th Cir. 1987); see Konst v. Fla. E. Coast Ry. Co., 71 F.3d 850, 853-54 (11th Cir. 1996). BB&T's return of service is regular, and Maxwell's unsure attack is neither strong nor convincing. (Alternatively, Maxwell states, "[if] I was served with the Lawsuit, I likely became confused with regard to what exactly the documents served were, as I am involved in four [] other lawsuits [against BB&T]." (Doc. 13, Ex. 1 at 3) The plea of confusion is impaled by the claim that each document Maxwell receives goes to Maxwell's attorney. In any event, as the defendant in multi-million dollar lawsuits against BB&T, Maxwell faces a duty diligently to attend his legal papers. See Fla. Physicians Ins. Co., Inc. v. Ehlers, 8 F.3d 780, 784 (11th Cir. 1993).)

Maxwell's argument for relief from the default judgment because of inadvertence fails, and Maxwell's liability and default stand. On the other hand, Maxwell's alternative argument for relief from the default judgment because of satisfaction succeeds. A reduction of the judgment is necessary, Maxwell claims, because BB&T acquired the collateral for the loan that Maxwell guaranteed. The prevention of a double-recovery by BB&T, Torres-Troche v. Municipality of Yauco, 873 F.2d 499, 501 n.7 (1st Cir. 1989) ("Rule 60(b)(5) does not permit two satisfactions"), warrants relief from the default judgment, investigation into whether partial or full satisfaction occurred, and assessment of the proper amount of damages. See Key Bank of Maine v. Tablecloth Textile Co. Corp., 74 F.3d 349, 354-55 (1st Cir. 1996); Lutomski v. Panther Valley Coin Exchange, 653 F.2d 270, 271 (6th Cir. 1981).

The motion (Doc. 13) for relief from the default is **DENIED**, but the motion (Doc. 13) for relief from the default judgment is **GRANTED** to the extent that execution, discovery-in-aid-of-execution, and any other proceeding consequent on the execution is **STAYED**, that is, the motion (Doc. 16) to stay is **GRANTED** to that extent, pending further order.

ORDERED in Tampa, Florida, on September 20, 2011.

*[signature]*
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE