UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRANCH BANKING AND TRUST
COMPANY,

    Plaintiff,

v.                                      CASE NO.: 8:10-cv-2464-T-23AEP

LAWRENCE T. MAXWELL,

    Defendant.
_____/

## **ORDER**

An April 17, 2012, judgment awards BB&T more than $1.2 million against Lawrence Maxwell. BB&T again moves (Doc. 91) to certify the judgment.

An earlier order (Doc. 90) denies BB&T's first motion:

> Under 28 U.S.C. § 1963 a party may register a certified copy of a judgment in another district if an appeal is complete, if the time to appeal expired, or if the court that entered the judgment allows "for good cause shown." Because an appeal pends in this action, BB&T must show good cause for the clerk to certify the judgment. The predominant authority holds that "good cause is established by an assets test, essentially the absence of sufficient assets in the rendering jurisdiction to satisfy the judgment and the presence of substantial assets elsewhere." 194 A.L.R. FED. 531 (2004); *see, e.g.*, *Columbia Pictures TV, Inc. v. Krypton Broadcasting of Birmingham, Inc.*, 259 F.3d 1186, 1197-98 (9th Cir. 2001). Although the parties' garnishment dispute [discussed earlier in the order] evidences an absence of sufficient assets in this district, BB&T never attempts to corroborate the presence of assets in another district.

In the new motion BB&T asserts that Maxwell owns land in Cobb County, Georgia. Maxwell concedes that a record of the county assessor's office names Maxwell and his wife as the owners of a lot in Cobb County. However, Maxwell raises objections.

Citing *Urban Industries, Inc. v. Thevis*, 670 F.2d 981 (11th Cir. 1982), Maxwell argues that a judgment creditor cannot register a judgment in another district while an appeal of the judgment pends. *Urban Industries* addresses an old version of Section 1963 that lacks the "good cause" clause added to the statute in 1988. The clause "deal[s] with the anomaly that a judgment for which no supersedeas bond had been posted was enforceable during appeal only in the rendering district." *Pac. Reins. Mgmt. Corp. v. Fabe*, 929 F.2d 1215, 1218 (7th Cir. 1991); *Assoc. Business Tele. Sys. Corp. v. Greater Capital Corp.*, 128 F.R.D. 63, 67 (D.N.J. 1989) ("*Urban Industries* . . . . did not consider the option of 'good cause'"). Although Maxwell claims that BB&T must start a new action to domesticate the judgment in Georgia, Section 1963 entitles a winning plaintiff with "good cause" to a faster and cheaper alternative to a second lawsuit. BROWN, JUDGMENT ENFORCEMENT § 1.03[A] (3d ed. 2012); *Greater Capital Corp.*, 128 F.R.D. at 67.

Although he appears in a Cobb County record as a land owner, Maxwell insists that the record is wrong. According to Maxwell:

> A mistake has been made with respect to the identification of the Maxwells as owners of the parcel of real property . . . . The parcel of real property was inadvertently mis-titled with the Maxwells'[s] names as a result of a prior tax declaration that inadvertently included a reference to

> this parcel of real property. The parcel of real property has apparently been inadvertently tied to a different parcel of property which is no longer owned by the Maxwells . . . . Apparently, the parcel's legal description was not confirmed, and was mistakenly identified as belonging to the Maxwells in the Cob County Assessor's electronic database.
> . . . .
> The true owner of the parcel . . . is Twelve Points Georgia, L.L.C. . . . . Not only is this parcel of real property not owned by Maxwell, the property is subject to a mortgage in favor of BankAtlantic. The parcel is currently being subjected to foreclosure proceedings . . . . The parcel will be sold on the first Tuesday of August, 2012.

(emphasis and footnote removed). Maxwell claims that, by force of an obscure mistake, he mentioned the land in a tax declaration; that someone at Cobb County saw the tax declaration and decided, without further inquiry, to name Maxwell as the owner of the land in the county's record; and that, despite the record's naming Maxwell as the land's owner, a bank will soon sell the property to foreclose another lien.

Maxwell concludes that BB&T "cannot prove" Maxwell owns the land, but Section 1963 requires only an initial "showing" that Maxwell owns an asset in another district. The county record warrants at least a presumption of correctness; if BB&T forecloses, Maxwell can provide any pertinent explanation to the presiding judge in Georgia (although Maxwell's concern about an unsuccessful foreclosure action against someone else's property is, at least, strange). Further, Maxwell posts no bond and displays no intention of paying the judgment. Hence Maxwell should bear the risk of error, that is, BB&T should enjoy a chance to execute on property that Maxwell can secrete or sell if no certification occurs. *See* Siegal, *Commentary on*

*1988 Revision*, 28 U.S.C. § 1963 (West).  Although Maxwell might correctly explain why BB&T will fail to execute the judgment in Georgia, Maxwell fails to establish that BB&T may not try to execute the judgment in Georgia.

BB&T never identifies the precise lot of land at issue, an omission which leads Maxwell to propose that BB&T shows no good cause.  But Maxwell identifies the land and he submits the county record showing him as record owner of the land.

The motion (Doc. 91) is **GRANTED**.  The clerk is directed to certify the April 17, 2012, judgment for registry in the Northern District of Georgia.  (The clerk may edit each pertinent form accordingly.)

ORDERED in Tampa, Florida, on July 26, 2012.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE